IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2012

## SHAWN BLAIR v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-66165      David Bragg, Judge**

**No. M2012-00066-CCA-R3-PC - Filed January 31, 2013**

The petitioner, Shawn Blair, appeals the post-conviction court's dismissal of his petition for post-conviction relief from his two convictions for simple possession of marijuana and resulting consecutive sentences of eleven-months, twenty-nine days. On appeal, the petitioner contends that he is entitled to post-conviction relief because he was not advised by trial counsel or the trial court about the immigration consequences of his pleas. Upon review, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Gerald L. Melton, Murfreesboro, Tennessee, for the appellant, Shawn Blair.

Robert E. Cooper, Jr., Attorney General and Reporter, Rachel E. Willis, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Jennifer Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

A Rutherford County Circuit Court jury convicted the petitioner of possessing three hundred grams or more of cocaine with intent to sell or deliver, a Class A felony, and simple possession of marijuana, a Class A misdemeanor. See State v. Shawn Blair, No. M2006-02694-CCA-R3-CD, 2008 WL 787906, at *1 (Tenn. Crim. App. at Nashville, Mar. 26, 2008). The trial court imposed an effective eighteen-year sentence. Id. On direct appeal, this court reversed the convictions and remanded the case for a new trial. Id. at *1.

Subsequently, on June 12, 2006, the petitioner pled guilty to two counts of simple possession, a Class A misdemeanor, and he received a sentence of eleven months and twenty-nine days for each conviction, to be served consecutively. One week after the entry of the guilty pleas, the petitioner, a citizen of Guyana, was notified that his convictions made him subject to deportation. Shawn Blair v. State, No. M2009-02458-CCA-R3-PC, 2011 WL 400511, at *1 (Tenn. Crim. App. at Nashville, Feb. 8, 2011).

On October 27, 2009, the petitioner filed a pro se petition for post-conviction relief, maintaining that he did not knowingly and voluntarily plead guilty and that his counsel was ineffective by failing to inform him that his guilty pleas could result in his deportation. Id. The post-conviction court dismissed the petition on November 5, 2009, finding that the petition was premature because the petitioner's direct appeal was pending. Id. In an opinion filed on February 8, 2011, this court concluded that the petition was not premature, and we remanded to the post-conviction court for further proceedings. Id.

On March 31, 2010, while the appeal of the dismissal of the petition for post-conviction relief was pending in this court, the United States Supreme Court announced in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), that the United States Constitution required that a defendant be fully and accurately informed about the immigration consequences of a guilty plea. On April 19, 2011, counsel was appointed to represented the petitioner and on October 25, 2011, filed an amended petition for post-conviction relief. The amended petition reiterated that the petitioner did not knowingly or voluntarily plead guilty and that the petitioner's plea counsel was ineffective. The petition specifically cited Padilla and argued that "[c]ounsel's failure to advise [the petitioner] of the immigration consequences of his plea fell below the minimum standard required for effective assistance of counsel."

At the post-conviction hearing, the petitioner's plea counsel testified that he represented the petitioner on direct appeal of his convictions and during the negotiations that resulted in the entry of the petitioner's pleas. Counsel acknowledged that he was aware that the petitioner was not a citizen of the United States and that the immigration consequences of a potential plea were important to the petitioner. Counsel also said that he was aware that the petitioner had a previous conviction for possession of marijuana. Counsel consulted with an immigration attorney to see "what, if any, sort of plea agreement could be structured that would not get him deported," and he learned that any drug conviction could potentially lead to the petitioner's deportation.

Counsel said he prepared for trial, engaged in plea negotiations with the State, and relayed all of the discussions between himself and the State to the petitioner. The next to last plea offer from the State involved a plea to felony drug possession and an accompanying sentence of ten years. However, after one of the officers involved in arresting the petitioner

was indicted for tampering with evidence, the State agreed to allow the petitioner to plead guilty to two misdemeanor drug possession charges. Counsel advised the petitioner that the misdemeanor convictions "could still lead to deportation" but that "it was still up to someone to initiate those proceedings." Specifically, he said, "I'm certain I never [told the petitioner] you will be deported. I'm certain I told him that [because of] the plea agreement we were entering he was certainly subject to deportation." Counsel warned the petitioner that counsel could not get the charges dismissed and that an acquittal was the only sure way to avoid deportation. Counsel cautioned the petitioner that "despite our best efforts[,] . . . this still may not work." Regardless of the possibility of deportation, the petitioner decided to enter the guilty pleas. Counsel acknowledged that he did not put on the record at the guilty plea hearing that the petitioner understood the immigration consequences of the guilty pleas.

Counsel said that if the petitioner were convicted of only misdemeanor possession of marijuana, the petitioner might be subject to an exemption to deportation because he was married to a United States citizen. However, the petitioner was charged with possession of marijuana and cocaine. In an attempt to prevent the petitioner from being deported, counsel convinced the State to allow the petitioner to plead guilty to misdemeanor possession of cocaine and marijuana. Counsel also persuaded the State to refrain from identifying the controlled substances involved on the judgments of conviction. Counsel stated that he provided the petitioner with a copy of "section 237A of the Immigration and Nationality Act," which explained that a conviction relating to a controlled substance, other than a single conviction for possession of thirty grams or less or marijuana, made the offender subject to deportation.

Counsel recalled that the petitioner's trial had been scheduled for December 2008 and that to forestall the trial, the petitioner signed a guilty plea agreement that month. The petitioner did not indicate that he needed more time to think about the plea or to consult with an immigration attorney. Counsel convinced the trial court to set the petitioner's guilty plea hearing in June 2009 so the petitioner could be released after the pleas due to "time served."

The forty-one-year-old petitioner testified that he had been in the United States for twenty-two years and that he had completed a twelfth-grade education in this country. He acknowledged that he never became a United States citizen although he could have. The petitioner advised counsel that he had a prior conviction for marijuana possession and that he was not a United States citizen. The petitioner was concerned about the effect a conviction would have on his ability to stay in the country with his family "[b]ecause the immigration law is set up if you got convicted for a controlled substance it would be a penalty against your status."

The petitioner said that counsel spoke with an immigration attorney and advised the

petitioner that the plea agreement was structured in such a way that it would not affect the petitioner's immigration status. The petitioner said counsel never informed him that two convictions for marijuana possession made him subject to deportation. He asked counsel if he could have a couple of days to speak with another immigration attorney before signing the plea agreement, but counsel told him that it had to be done that day. Based upon counsel's advice, the petitioner entered guilty pleas, even though he thought that something was not right.

After the hearing, the post-conviction court entered an order denying the post-conviction petition. The court accredited the testimony of counsel and found that counsel advised the petitioner of the possible immigration consequences of entering the guilty pleas. On appeal, the petitioner contends that the post-conviction court erred in its factual finding that the petitioner's attorney advised him of the effect the guilty pleas would have on the petitioner's immigration status. The petitioner also contends that the post-conviction court erroneously found that counsel advised him that any plea would subject him to deportation. The petitioner claims that counsel told him that he was only "potentially" subject to deportation and that he might qualify for an exception to deportation because he was married to a United States citizen.

## II. Analysis

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

In Padilla v. Kentucky, 130 S. Ct. 1473, 1476 (2010), the Supreme Court held that a trial counsel's performance was deficient when counsel failed to advise a defendant, who was a legal immigrant, that his guilty plea carried a risk of deportation. The petitioner asserts that the holding in Padilla affords him post-conviction relief based upon the ineffectiveness of his trial counsel.

The post-conviction court accredited the testimony of trial counsel and found that counsel was aware that the petitioner was a non-citizen. Counsel informed the petitioner that any conviction for possession of a controlled substance rendered him subject to deportation and that the only way to avoid deportation was to be acquitted at trial. After being advised of his options, the petitioner chose to enter the guilty pleas instead of risking a trial. The court further found that despite the petitioner's claim that he felt "rushed" into entering the guilty pleas, the petitioner had almost six months between the time the plea offer was accepted until entering the pleas in court, which afforded the petitioner time to consult with another immigration attorney. Therefore, the post-conviction court found that the petitioner knowingly and voluntarily entered the guilty pleas after having "lengthy discussions with [c]ounsel, who advised the [p]etitioner any plea would make him deportable." Upon review, we conclude that the evidence does not preponderate against the post-conviction court's findings. We agree with the post-conviction court that the petitioner was advised of the immigration consequences of his pleas and nevertheless knowingly and voluntarily chose to

-5-

plead guilty.

### III.  Conclusion

In sum, we conclude that the petitioner was advised of the immigration consequences of his guilty pleas.  Accordingly, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE